## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OSCAR PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-894-F |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

Plaintiff Oscar Peterson seeks judicial review of the final decision by the Defendant

Commissioner denying Mr. Peterson's application for disability insurance benefits.  This

matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and

(C).  The Commissioner has answered and filed the administrative record ("AR").  Both

parties have briefed their respective positions, and the matter is now at issue.  For the reasons

stated below it is recommended that the Commissioner's decision be reversed and remanded

for further proceedings consistent with this Report and Recommendation.

I.     **Procedural History**

Plaintiff filed an application for disability insurance benefits alleging an inability to

work since June 27, 2002, based on post-traumatic stress disorder (PTSD).  AR 42, 60.

Plaintiff's application was denied initially and on reconsideration. AR 21-22. Subsequently,

a hearing was held before an Administrative Law Judge (ALJ).  After consideration of the

evidence, the ALJ found that Plaintiff was not disabled.  AR 13-19.  The Appeals Council

denied Plaintiff's request for review.  AR 5-7.  Therefore, the decision of the ALJ is the final

decision of the Commissioner.

## II.     The ALJ's Disability Determination

The ALJ followed the sequential evaluation process required by 20 C.F.R.

§ 404.1520.  She first determined that Plaintiff had not engaged in substantial gainful activity

since the alleged onset date.  AR 14, 19.  At step two, the ALJ determined that Plaintiff

suffers from PTSD, anti-social personality disorder and alcohol dependence, all of which she

found to be severe impairments.  AR 15-16, 19.  At step three, the ALJ found no impairment

or combination of impairments that meets or equals the criteria of any listed impairment

described in the regulations.  AR 16, 19.  At step four, the ALJ considered Plaintiff's

residual functional capacity (RFC) and determined that Plaintiff has no exertional limitations.

As to Plaintiff's nonexertional limitations, the ALJ found that Plaintiff can perform work

which requires no more than superficial contact with the public, co-workers and supervisors.

AR 18, 19.  Based on this RFC, and the testimony of a vocational expert, the ALJ determined

that Plaintiff can perform his past relevant work of electrician.  AR 18, 19.

## III.    Plaintiff's Claim Raised on Appeal

Plaintiff contends that the ALJ erred as a matter of law in failing to properly analyze

the medical opinion of his treating physician, Dr. Sally Varghese.

**IV.** **Standard of Review**

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "[S]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal* at 760 (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

**V.** **Analysis**

Plaintiff is a Vietnam veteran who suffers from PTSD. He sought and received treatment through the United States Department of Veterans Affairs (VA). In November 2002, the VA rated his disability at 100%, effective June 27, 2002. AR 89A-91.

Plaintiff began treatment at the Oklahoma City VA Medical Center on May 31, 2002. The VA's disability determination was based on Plaintiff's treatment records which include the records of intense group therapy for PTSD. AR 92-188. Plaintiff attended more group

therapy sessions even after he received VA benefits.  AR 219-293.  Plaintiff was assessed

with a number of psychological problems including intrusive thoughts, nightmares/bad

dreams, intense stress upon exposure to reminders of trauma, diminished interest in

previously significant activities, restricted range of affect, excessive anxiety or worry about

a number of events or activities, hypervigilance, exaggerated startle response, difficulty

sleeping, anger management problems, social isolation, and restlessness.  AR 183-185.

Plaintiff and Defendant have included discussions of these medical records in their respective

briefs.

In January of 2004, Plaintiff requested that a different psychiatrist be assigned to

monitor his progress.  AR 277.  His request was honored, and the next month Dr. Sally

Varghese became Plaintiff's treating psychiatrist.  AR 223-224.  On August 20, 2004, Dr.

Varghese completed a Medical Assessment of Ability to Do Work-Related Activities

(Mental) at Plaintiff's request. AR 296-298. Dr. Varghese stated that Plaintiff's memory and

concentration are poor and that interaction with other people causes decompensation.  AR

297.[1]  Although Dr. Varghese had been Plaintiff's treating psychiatrist for only six months,

she had met and treated Plaintiff and had access to two years of treatment records

documenting Plaintiff's participation and progress in treatment.

---

[1]Dr. Varghese, a board-certified psychiatrist, assessed Plaintiff as having either poor or no
ability to deal with the public, use judgment in public, interact with supervisors, deal with work
stress, function independently, adjust to complex work instructions, behave in an emotionally stable
manner and relate predictably to social situations.  AR 296-298.

Under the "treating physician rule," greater weight is generally given to the opinions of sources of information who have treated the claimant than of those who have not. *See Hackett*, 395 F.3d at 1173-1174 (*citing Langley v. Barnhart*, 373 F.3d 1116, 1119 (10ᵗʰ Cir. 2004). First, the ALJ must determine whether the opinion of a treating source should be given controlling weight. *Id.* at 1174. Using a sequential analysis, an ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10ᵗʰ Cir. 2003) (quotation omitted). If an opinion fails to satisfy either of these conditions, it "means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Id.* (quoting SSR 96-2p, 1996 WL 374188, at *4). Non-controlling opinions "'are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'" *Id.* Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1301 (quotation omitted). If the ALJ chooses to reject the treating physician opinion entirely, the ALJ must set forth specific legitimate reasons for doing so. *See Langley v.*

*Barnhart*, 373 F.3d at 1119.  As explained in policy interpretations regarding treating source

evidence:

> Because treating source evidence (including opinion evidence) is important,
> if the evidence does not support a treating source's opinion on any issue
> reserved to the Commissioner and the adjudicator cannot ascertain the basis
> of the opinion from the case record, the adjudicator must make "every
> reasonable effort" to recontact  the source for clarification of the reasons for
> the opinion.

Soc. Sec. Rul. 96-5p, 1996 WL 374183 at *6-7.

In this case, the ALJ states that the opinion of Dr. Varghese "is not given controlling

weight because it is not supported by clinical and laboratory findings and is contrary to the

other evidence of record."  AR 18.  The other contrary evidence cited by the ALJ includes

the fact that Plaintiff "participated in group therapy sessions including a field trip to a

Vietnamese restaurant and market, WalMart, and an Army Surplus Store."  AR 16.  Further,

the ALJ concluded that Plaintiff has "relationships" based on his request for a prescription

for Viagra.  *Id.*  But the fact that Plaintiff acted appropriately on a field trip does not

necessarily contradict Dr. Varghese's opinion regarding Plaintiff's ability to act appropriately

with supervisors and co-workers in a work environment.  Likewise, a prescription for Viagra

does not constitute substantial evidence to support a conclusion that, contrary to his

testimony, Plaintiff is able to maintain interpersonal relationships or that such relationships

are indicative of his ability to function in a work environment.  *See* AR 364.

Finally, the ALJ failed to properly analyze the VA's disability rating – evidence which

supports Dr. Varghese's opinion.  The ALJ mentioned the disability rating in her decision,

but she did not discuss the rating or explain why she did not find it persuasive.  The ALJ

stated only that "a determination by another agency that you are disabled is not binding on

us." AR 18.  The Tenth Circuit Court of Appeals has held that "[a]lthough another agency's

determination of disability is not binding on the Social Security Administration, . . . it is

evidence that the ALJ must consider and explain why [she] did not find it persuasive."

*Grogan v. Barnhart* 399 F.3d 1257, 1262-1263 (10th Cir. 2005) (citations omitted).  *See also*

20 C.F.R. § 404.1512(b)(5) (defining the disability determinations of other agencies as

evidence to be considered by the Social Security Administration).  The ALJ's superficial

discussion of the VA's disability rating is significant given her finding that the opinion of

Plaintiff's treating physician is "contrary to other evidence in the record." AR 18.  The VA's

disability rating is consistent with Dr. Varghese's opinion and required more consideration

by the ALJ.

In any case, the ALJ's finding regarding contrary evidence in the record would

support only her decision not to accord controlling weight to Dr. Varghese's assessment. But

it is unclear just what weight, if any, the ALJ assigned to Dr. Varghese's opinion because the

ALJ did not analyze all of the factors set forth in the regulations at 20 C.F.R. § 404.1527.

The ALJ focused solely on the number of appointments Plaintiff had with Dr. Varghese.  If

the ALJ completely rejected Dr. Varghese's assessment, she erred in failing to give specific

legitimate reasons for doing so.  This error is reversible.  It is therefore recommended that

this case be reversed and remanded so that the ALJ may properly analyze Dr. Varghese's

opinion in light of all the evidence in the record including the VA's disability rating.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by May __12th__, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __24th__ day of April, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE